Catron, Ch. J.
delivered the opinion of the court.
It is certainly true as a general rule, that when there is an unembarrassed remedy at law, a court of equity has no jurisdiction. So this court has frequently decided, Hickman vs. Scribbs and Ivey: Smith and Moore vs. Kearney: Gass vs. Malory.
It is also true, that when the sheriff levies on the goods of A. for the debt of B. that A’s remedy is at law; Yet as a general rule,' this has an exception in *92 case of slave property. If the slaves of A. be levied forthe debt of B. and A can show a clear right of property to the slaves, courts of equity have jurisdiction to restrain the creditor and sheriff until the right be tried at law, or determined in equity, if the right be undoubted, in the mind of the court. The servants and slaves constitute a part of the family, entitled to, and receiving, if they be worthy, the affections of the master to a great extent; this disposition towards this unfortunate class of people, it is the policy of the country to encourage and promote; without it, good conduct on the part of the slave, and benevolent and humane treatment on the part of the master, is not to be expected. Otherwise they will live enemies, and in a scene of domestic strife, the slave acting from fear for good, and through revenge for evil; the master protecting himself as well as he may by violence, but too often brutal. That there is no safety in such a state of things to persons or property, is too manifest to need further remark. The slave and the master should never be separated when affection exists between them. In the next place, it often must occur that the mother will be separated from the children, or the husband from the wife, if the sheriff be permitted to sell. Nothing can be much more abhorrent to these poor people, or to the feelings of every benevolent individual, than to see a large family of slaves sold at sheriff’s sale; the infant children, father and mother, to different bidders. To treat them as other domestic animals, would be to declare, that as a people, we had in reference to this class, sunk all feelings of humanity, and that the slave was not elevated in his sensibilities over the lower classes of animals, which are allowed to have none worthy of the protection of man. As a fact, and as a theory, this is untrue. These are some of the considerations why tire courts of equity have protected the slave as well as the master from an unlawful separa-ration. Truly, compensation for the market value of *93 the slave could be had at law, as for the horse or ox, but the mutual feelings of dependence, affection and humanity, existing between master and slave, have no cash price and cannot be compensated in money.
It follows, that for the protection of this species of property, there is often no adequate remedy at law. There was formerly a rule asserted in this court, whilst exercising original chancery jurisdiction, that the affection and attachment of master and slave, must be grounded on some good and particular cause, and that set forth in the bill, and proved, to warrant the interposition of the injunctive powers of the court. This idea, though plausible, was found to be much too uncertain to ground the jurisdiction of the court upon. Every man had his own ideas of meritorious services, growing naturally out of his feelings, and of course was governed by considerations applicable to himself. To form any certain rule conferring jurisdiction under such circumstances, was found to be impossible, the idea of “meritorious services,” was abandoned, and the jurisdiction assumed generally, because the rights of humanity combined themselves with the rights of property, which must be equally true in every case.
It is next insisted for the defendants, that Loftin, the complainant, has not made out a case by his proof, showing an undoubted and clear right of property in himself, and therefore must be left to litigate at law and before a jury, his doubtful right. We think this argument sound, and that for this reason the decree of the chancellor must be affirmed. The court will neither collate or speak of the evidence, but leave the trial at law to proceed uninfluenced by any thing that may have occurred in this court.
Decree affirmed.